question of whether defendant had such notice from the jury, in restricting the defendant to proof of the value of the goods and in submitting to the jury only the question of the value of the goods.

3. TROVER AND CONVERSION, § 42*—*when submission to jury of improper form of verdict is error.* In an action of replevin, later changed to trover, submission to the jury of one form of verdict requiring the jury to find defendant guilty of malicious and intentional conversion, *held* error, there being no such averments in the affidavit for replevin or statement of claim filed, nor any evidence to base it on.

## Matthew F. Bozinch, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 19,619.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914. Rehearing denied June 2, 1914.

### Statement of the Case.

Action by Matthew F. Bozinch against Chicago Railways Company brought in the Municipal Court of Chicago to recover damages to an automobile caused by a collision with one of defendant's street cars at a street intersection. Plaintiff recovered a judgment for $409.95, and to reverse the judgment, defendant prosecutes error.

The street car that collided with plaintiff's automobile was going west on Chicago avenue on the north track and plaintiff was driving south on Hoyne avenue. Plaintiff's version of the accident was that as he came to Chicago avenue he slackened up for an eastbound car to pass and when it passed in front of him he was practically on the westbound track and did not notice the westbound car until it was within two or three feet

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

away from him and he had no time to do anything until he was struck. Defendant's theory was that when the car reached Hoyne avenue plaintiff had not reached Chicago avenue and that when the street car reached the west cross walk of Hoyne avenue the automobile swerved around the corner and turned directly in front of the car.

Edward C. Stearns and Frank L. Kriete, for plaintiff in error; John R. Guilliams and W. W. Gurley, of counsel.

Aaron R. Eppstein, for defendant in error.

Mr. Presiding Justice Smith delivered the opinion of the court.

## Abstract of the Decision.

Street railroads, § 144*—*when instruction on contributory negligence not prejudicial.* In an action to recover damages for injury to plaintiff's automobile caused by a collision with a street car, an instruction telling the jury that plaintiff may recover damages for an injury due to defendant's negligence notwithstanding his own negligence exposed him to the risk of injury, if the injury to the plaintiff was proximately caused by the negligent act or omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man on his guard to use ordinary care to avoid such injury, *held* to state the settled law of this State and the giving of the same not reversible error, it appearing that the evidence on behalf of the plaintiff furnished a basis for the instruction, and the jury found that plaintiff's theory of the accident was correct.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.